IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Willie L. Hall, Jr.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: |
| v. | ) |
| | ) JURY DEMANDED |
| **GlaxoSmithKline, LLC,** | ) |
| | ) |
| *a Delaware Corporation,* | ) |
| | ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR
VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Willie L. Hall, Jr. (hereinafter referred to as "Mr. Hall" or "Plaintiff"), by and through counsel, and brings the following Complaint against Defendant GlaxoSmithKline, LLC (hereinafter "GSK" or "Defendant").

**NATURE OF THE COMPLAINT**

1. Plaintiff brings this cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against GSK for failure to pay Plaintiff for all hours worked, including time-and-a-half for all hours worked over 40 in a workweek, and for related penalties and damages.

3. Defendant's practices and policies were, in the three years preceding the filing of this Complaint, to willfully fail and refuse to pay Mr. Hall for all hours worked, as required under the FLSA.

1

4. Plaintiff seeks declaratory relief; wages for all hours worked and not compensated; overtime premiums for all hours worked over forty in any given workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Hall is an adult resident of Collierville, Shelby County, Tennessee.

6. Mr. Hall was an employee of Defendant for FLSA purposes during the relevant time period.

7. Defendant GlaxoSmithKline, LLC is a corporation formed in Delaware and registered to do business in the State of Tennessee. GlaxoSmithKline, LLC's principal office is in Philadelphia, Pennsylvania. GlaxoSmithKline, LLC may be served through its Registered Agent Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## JURISDICTION AND VENUE

8. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

9. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

10. Defendant does business in the Western District of Tennessee. Furthermore, a substantial part of the events giving rise to Mr. Hall's claims occurred in the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in this district.

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc

## **FACTUAL BACKGROUND**

11. Defendant has continuously employed Plaintiff, in various positions, since October 2012.

12. From January 2017 through June 2019, Mr. Hall served GSK as an Operations Support Specialist.

13. From July 2019 through December 2019, Mr. Hall served GSK as a Packaging Line Lead.

14. Throughout Mr. Hall's time serving as both Operations Support Specialist and Packaging Line Lead, Mr. Hall was directed by management to work between 5 and 12 hours each week "off-the-clock," to assist with to assist with technical issues of which Mr. Hall had  particular expertise.

15. In early 2020, a member of GSK's on-site Human Resources department called Mr. Hall in to discuss the company's past failure to pay him for off-the-clock hours worked.

16. At the company's request, Mr. Hall provided an estimate of the number of uncompensated hours and provided documentation supporting his claim that he had worked hundreds of hours off-the-clock.

17. Defendant deliberated over the matter for many months before finally announcing that it would be compensating Mr. Hall for 134.67 hours spent in "business-related telephone calls outside of your regularly scheduled work hours."

18. The amount offered in compensation was $7,431.

19. This calculation by GSK of undercompensated hours grossly understates the actual amount of time that Mr. Hall actually worked and for which he provided substantial documentation.

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc

20. GSK knew Mr. Hall had worked off-the clock hours for which he was unpaid.

21. Despite this knowledge, GSK willfully failed to pay Mr. Hall overtime for every hour worked over forty in a workweek.

22. Despite the clear evidence provided by Mr. Hall as to the number of hours he worked off-the-clock, GSK attempted to buy Mr. Hall's silence by paying him a fraction of what he was owed.

## COUNT 1
## FAIR LABOR STANDARDS ACT OVERTIME VIOLATION

23. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 22 as if they were set forth fully herein.

24. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

25. Upon information and belief, at all relevant times, Defendant employed "employee[s]," including Plaintiff.

26. Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

27. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate not less than the federal minimum wage.

28. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked over forty in a workweek at a rate no less than time and one-half their regular rate of pay.

29. Defendant routinely failed to pay Mr. Hall for all hours worked in any given workweek.

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc

30. Because all of the off-the-clock work performed by Mr. Hall was done after his regular eight-hour day, Mr. Hall should have been paid at time and one-half for all the off-the-clock hours worked.

31. As a result of Defendant's failure to compensate Mr. Hall for all overtime hours worked, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Mr. Hall properly under the FLSA was not a good faith violation of the FLSA under 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. Pre-Judgment and Post-Judgment interest, as provided by law;

4. An award of money damages for unpaid wages, including liquidated damages, pre-judgment and post-judgment interest, and penalties in an exact amount to be determined at trial;

5. Award Plaintiff costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

                Respectfully submitted,

                s/Philip Oliphant
                Alan G. Crone, TN Bar No. 014285
                Philip Oliphant, TN Bar No. 025990 (to be admitted *pro hac vice*)
                THE CRONE LAW FIRM, PLC
                88 Union Avenue, 14th Floor
                Memphis, TN 38103
                844.445.2387 (voice)
                901.737.7740 (voice)
                901.474.7926 (fax)
                acrone@cronelawfirmplc.com
                poliphant@cronelawfirmplc.com

                *Attorneys for Plaintiff*

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc

## DECLARATION AND VERIFICATION IN SUPPORT OF COMPLAINT

I, Willie L. Hall, Jr., verify and declare that the facts stated in the foregoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*Willie Lee Hall Jr*
_____
Willie L. Hall, Jr.

Doc ID: d6f15df794ae723c09a7a806719a96e817fa5cdc



Audit Trail

| | |
|---|---|
| **TITLE** | Complaint |
| **FILE NAME** | Hall Complaint - PO draft.pdf |
| **DOCUMENT ID** | d6f15df794ae723c09a7a806719a96e817fa5cdc |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

**SENT**  **10 / 27 / 2020**  Sent for signature to Willie Lee Hall, Jr.
17:49:19 UTC-6  (halljr25@yahoo.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED**  **10 / 27 / 2020**  Viewed by Willie Lee Hall, Jr. (halljr25@yahoo.com)
18:05:57 UTC-6  IP: 172.58.144.75

**SIGNED**  **10 / 27 / 2020**  Signed by Willie Lee Hall, Jr. (halljr25@yahoo.com)
18:07:05 UTC-6  IP: 172.58.144.75

**COMPLETED**  **10 / 27 / 2020**  The document has been completed.
18:07:05 UTC-6

Powered by HELLOSIGN